JOHN C. CRUDEN
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

DEBORAH A. GITIN (CA Bar No. 284947)
KARL J. FINGERHOOD (PA Bar No. 63260)
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
301 Howard St., Suite 1050
San Francisco, CA  94105
Telephone: (415) 744-6488
Facsimile: (415) 744-6476
Email: Deborah.Gitin@usdoj.gov

*Attorneys for Plaintiff United States of America*

*(Names and addresses of attorneys continued on following pages)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF CALIFORNIA, on behalf of the Department of Toxic Substances Control and Toxic Substances Control Account, <br><br> Plaintiffs, <br><br> v. <br><br> ABEX AEROSPACE; ABM CMS, INC. (fka COMMAIR MECHANICAL SERVICES); AIR CONDITIONING COMPANY, INC.; AIR PRODUCTS AND CHEMICALS, INC.; AIRCRAFT CYLINDER & TURBINE, INC.; ALCOA INC.; ALLEN FOAM CORPORATION; ALLEN L BENDER, INC.; ALPHA THERAPEUTIC CORPORATION; ANZON COMPANY; APPLIED MICRO CIRCUITS CORPORATION; APPROPRIATE TECHNOLOGIES II, INC.; | Case No. 2:16-cv-2696 <br><br> **COMPLAINT** |

ARLON PRODUCTS INC.; ARMOR ALL
PRODUCTS CORPORATION;
ARROWHEAD BRASS PRODUCTS, INC.;
ASTRO ALUMINUM TREATING CO. INC.;
ATLANTIC RICHFIELD COMPANY;
AVERY DENNISON CORPORATION;
BASF CORPORATION; BAXTER
HEALTHCARE CORPORATION; BC
LABORATORIES, INC.; BELL
INDUSTRIES, INC.; BETTERBILT
CHEMICALS; BOEING SATELLITE
SYSTEMS, INC.; BONANZA ALUMINUM
CORP.; BOURNS, INC.; BOWEN
PRINTING, INC.; BP AMOCO CHEMICAL
COMPANY; BROADWAY STORES, INC.;
BUILDING MATERIALS CORPORATION
OF AMERICA / GAF; BURKE STREET
LLC; C.T.L. PRINTING INDUSTRIES, INC.;
CABOT CERAMICS, INC.; CAL-AIR, INC.;
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION;
CALIFORNIA HYDROFORMING
COMPANY, INC.; CALIFORNIA MART;
CALSONIC NORTH AMERICA, INC.;
CANON BUSINESS MACHINES, INC.;
CASTATE, METROPOLITAN STATE
HOSPITAL; CATHOLIC HEALTHCARE
WEST; CENTRE PROPERTIES LTD.;
CERADYNE, INC.; CHEMICAL WASTE
MANAGEMENT, INC.; CHEROKEE
INTERNATIONAL; CINTAS
CORPORATION (successor to UNITOG
COMPANY); CITY OF CARLSBAD; CITY
OF COSTA MESA; CITY OF IRVINE; CITY
OF LOS ANGELES, DEPARTMENT OF
AIRPORTS;  CITY OF SANTA BARBARA;
CITY OF SANTA MARIA; COASTCAST
CORPORATION; COLLEGE OF THE
DESERT; COLUMBIA SHOWCASE &
CABINET COMPANY, INCORPORATED;
COUNTY OF LOS ANGELES; COUNTY OF
SAN BERNARDINO; COVIDIEN; CROSBY
& OVERTON, INC.; DATATRONICS

ROMOLAND, INC; DEL MAR AVIONICS; DEUTSCH ENGINEERED CONNECTING DEVICES, INC.; DISNEY ENTERPRISES INC.; DOLE DRIED FRUIT AND NUT COMPANY; DOMESTIC LINEN SUPPLY COMPANY; EASTMAN KODAK COMPANY; EATON CORPORATION; EL PASO ENERGY INTERNATIONAL COMPANY; ELAN PHARMACEUTICALS, INC.; FEDERAL-MOGUL CORPORATION; FHL GROUP; FORENCO, INC.; FORT KENT HOLDINGS, INC.; FRESNO UNIFIED SCHOOL DISTRICT; GAISER TOOL COMPANY; GAMBRO, INC.; GENERAL DYNAMICS CORPORATION; GENERAL ELECTRIC COMPANY; GEORGE INDUSTRIES; GIUMARRA VINEYARDS CORPORATION; GOLDEN WEST REFINING COMPANY; GREAT WESTERN CHEMICAL COMPANY; GREENBRIDGE TECHNOLOGY, INC.; GSF ENERGY LLC; GULFSTREAM AEROSPACE CORPORATION; HARTWELL CORPORATION; HENKEL CORPORATION; HERCULES INC.; HEXCEL CORPORATION; HILTON HOTELS CORPORATION; HITACHI HOME ELECTRONICS (AMERICA), INC.; HLM LABELING INCORPORATED; HONEYWELL INTERNATIONAL INC.; HOWMET ALUMINUM CASTING, INC.; HUBBELL INC. and MARVIN ELECTRIC MFG. CO., INC.; HUNTINGTON PARK RUBBER STAMP CO.; I COAT COMPANY; IMO INDUSTRIES, INC.; INDALEX INC., d/b/a/ COLUMBIA PACIFIC ALUMINUM; INTEGRATED MICROELECTRONICS, INC. for AVX CORP.; INTERNATIONAL PAPER COMPANY; INTERNATIONAL RECTIFIER CORPORATION; ITT CORPORATION; IVY HILL CORPORATION; JAN-KENS ENAMELING COMPANY; JOHANSON DIELECTRICS,

INC.; JOHNS MANVILLE CELITE
CORPORATION; K C PHOTO
ENGRAVING COMPANY; KESTER
SOLDER DIVISION, LITTON SYSTEMS,
INC.; KEY MECHANICAL SERVICE
COMPANY; KIMBERLY CLARK
WORLDWIDE, INC., FULLERTON MILL;
KINDER MORGAN LIQUIDS TERMINALS
LLC; KOLMAR LABORATORIES, INC.;
L.A. SUPPLY COMPANY, dba LABEL
HOUSE; LA COUNTY MTA (SO.
CALIFORNIA RTD); LA MIRADA
PRODUCTS CO., INC.; LANSDALE
SEMICONDUCTOR, INC.; LEAR SIEGLER
DIVERSIFIED HOLDING CORP.;
LEUCADIA, INC.; LEVAN SPECIALTY
COMPANY, INC.; LOCKHEED MARTIN
LIBRASCOPE CORP.; LOMA LINDA
UNIVERSITY; LOS ANGELES UNIFIED
SCHOOL DISTRICT; LUXFER USA
LIMITED BY BRITISH ALCAN
ALUMINUM PLC; MADISON
INDUSTRIES; MARTEK POWER ABBOTT,
INC.; MASCO CORPORATION OF
INDIANA; MATTEL, INC.; MAXON
INDUSTRIES, INC.; MAXWELL
TECHNOLOGIES, INC.; MCDONNELL
DOUGLAS HELICOPTER COMPANY;
MCCRAW-EDISON COMPANY;
MCKESSON CORPORATION; MEDEVA
PHARMACEUTICALS CA, INC.; MELLES
GRIOT, INC.; METROPOLITAN WATER
DISTRICT OF SOUTHERN CALIFORNIA;
MICO, INC.; MINNESOTA MINING AND
MANUFACTURING (3M) RIKER;
MONTGOMERY TANK LINES, INC.; MTI
ENGINEERING CORPORATION
(MITULOYO AMERICAN
CORPORATION); NBCUNIVERSAL
MEDIA, LLC; NCR CORPORATION; NEW
HAMPSHIRE BALL BEARINGS, INC.;
NORTHROP GRUMMAN SPACE &
MISSION SYSTEMS CORP.; NORTHROP

GRUMMAN SYSTEMS CORPORATION; NOVACAP, INC.; OJAI MANUFACTURING TECHNOLOGY, INC.; OMNI METAL FINISHING, INC.; PACESETTERS SYSTEMS INC./SIEMENS CORPORATION; PACIFIC BELL TELEPHONE COMPANY;  PACIFIC GAS AND ELECTRIC COMPANY; PETRO LOCK, INC.; PFIZER INC.; PHARMAVITE LLC; PILKINGTON PLC; PIONEER VIDEO MANUFACTURING INC.; POLYONE CORPORATION; PUTZMEISTER AMERICA, INC.; QUAD CHEMICAL CORPORATION; QUAKER CHEMICAL CORPORATION; QUALITY FABRICATION, INC.; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; RATHON CORP. (f/k/a DIVERSEY);  RAYTHEON COMPANY; REED & GRAHAM, INC.; REMET CORPORATION; RESINART CORPORATION; RICOH PRINTING SYSTEMS AMERICA, INC.; ROBINSON HELICOPTER COMPANY, INCORPORATED; ROBISON PREZIOSO INC.; ROCKWELL COLLINS OPTRONICS, INC.; ROGERS CORPORATION; SAFETY-KLEEN SYSTEMS, INC.; SCHERING CORPORATION; SCRIPTO-TOKAI CORPORATION; SEARS, ROEBUCK AND CO.; SEMPRA ENERGY SOLUTIONS; SHAMROCK SCIENTIFIC SPECIALTY SYSTEMS, INC.; SHELL OIL COMPANY; SIEMENS BUILDING TECHNOLOGIES, INC. (fka MCC POWERS); SIERRACIN CORPORATION; SIGNET ARMORLITE, INC.; SOCO WEST, INC. as successor to HOLCHEM, INC.; SONOCO PRODUCTS COMPANY; SOUTHERN CALIFORNIA EDISON COMPANY; SPARTON TECHNOLOGY, INC.; STADLER FAMILY LIMITED PARTNERSHIP; STATE OF CALIFORNIA DOT; STRUCTURAL

COMPOSITES INDUSTRIES, INC.;
SUPERIOR CONTROLS CO., INC.;
SUPRACOTE, INC.; SYMMETRICOM,
INC.; TDY INDUSTRIES, INC.; TELEDYNE
TECHNOLOGIES; TENSION ENVELOPE
CORPORATION; TERADYNE INC;
TEXACO; TEXAS INSTRUMENTS
INCORPORATED; TEXTRON INC.; THE
AT&T GROUP, INC.; THE BOEING
COMPANY; THE CITY OF WHITTIER,
CALIFORNIA; THE DOW CHEMICAL
COMPANY; THE FAIRCHILD
CORPORATION; THE HERTZ
CORPORATION; THE MAY
DEPARTMENT STORES COMPANY; THE
REGENTS OF THE UNIVERSITY OF
CALIFORNIA; THE SHERWIN-WILLIAMS
COMPANY; TIMEMED LABELING
SYSTEM, INC.; TITAN CORPORATION;
TODD PACIFIC SHIPYARDS
CORPORATION; TRANE U.S., INC.;
TRIBUNE COMPANY; TRIMAS
CORPORATION; TUBING SEAL CAP, INC.
PACIFIC PRECISION METALS, INC.;
TYCO ELECTRONICS; TYOO
INTERNATIONAL; UNION OIL
COMPANY OF CALIFORNIA; UNITED
PARCELS SERVICE, INC.; UNIVAR
CORPORATION UNIVAR USA INC.;
UNIVERSAL STUDIOS LLC; UNIVERSITY
OF SOUTHERN CALIFORNIA (USC);
VALEANT PHARMACEUTICALS
INTERNATIONAL; VALLEY MOTOR
CENTER, INC.; VENTURA
TOWNEHOUSE, INC.; VERTEX
MICROWAVE PRODUCTS, INC.; VIASYS
HEALTHCARE, INC.; W & B
MARKETING, INC.; WARNER-LAMBERT
COMPANY; WEBER AIRCRAFT
CORPORATION; WESTERN METAL
DECORATING CO.; WESTERN TUBE &
CONDUIT CORPORATION; WESTMONT
COLLEGE; XARD CORPORATION;

1
2
3
4

YELLOW TRANSPORTATION, INC.;
YORK INTERNATIONAL CORPORATION;
YORT, INC.

Defendants.

5
6
7
8
9
10

HOPE SCHMELTZER
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA  94105
Tel: (415) 972-3218
Email: Schmeltzer.Hope@epa.gov

11
12

*Of Counsel for Plaintiff United States of America*

13
14
15
16
17
18
19
20

KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General
OLIVIA W. KARLIN (CA Bar No. 150432)
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Tel.: (213) 897-0473
Fax: (213) 897-2802
Email:  Olivia.Karlin@doj.ca.gov

21
22

*Attorneys for Plaintiff State of California*
*Department of Toxic Substances Control and Toxic Substances Control*
*Account*

23
24
25
26
27
28

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of California, on behalf of the Department of Toxic Substances Control and the Toxic Substances Control Account ("DTSC"), collectively referred to as "Plaintiffs," allege as follows:

## STATEMENT OF THE ACTION

1.      This is a civil action by the United States of America for injunctive relief and recovery of costs under Sections 106(a) and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9606(a) and 9607, and Section 7003 of the Resource Conservation and Recovery Act, as amended ("RCRA"), 42 U.S.C. § 6973, related to the releases and threatened releases of hazardous substances at Operable Unit 2 ("OU2") or which have come to be located at OU2, a portion of the Omega Chemical Corporation Superfund Site ("Site") in Los Angeles County, California, which releases and threatened releases may present an imminent and substantial endangerment to health or welfare and the environment.

2.      This is also a civil action by DTSC for recovery of costs under Section 107 of CERCLA, 42 U.S.C. § 9607, and to seek injunctive relief pursuant to California Health and Safety Code sections 25187 and 25358.3(e) related to OU2.

3.      Plaintiffs have incurred response costs and expect to continue to incur response costs in connection with actions taken in response to releases and/or threatened releases at OU2.

4.      Plaintiffs also make a claim under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for a declaratory judgment that each of the defendants named in this action ("Defendants") is jointly and severally liable to Plaintiffs for future

response costs incurred by Plaintiffs in responding to releases and/or threatened releases of hazardous substances at and/or from OU2.

5.     Defendants are among the parties the Plaintiffs have determined to be potentially responsible parties ("PRPs") for OU2, but are not the only such parties. The Plaintiffs may have additional claims regarding Defendants, or other parties, at OU2, aside from the claims alleged herein.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action and over Defendants pursuant to 28 U.S.C. §§ 1331, 1367, and 1345; CERCLA Sections 106, 107, and 113(b), 42 U.S.C. §§ 9606, 9607, and 9613(b); and RCRA Section 7003, 42 U.S.C. § 6973.

7.     Venue is proper in this district under Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a) and 9613(b); Section 7003 of RCRA, 42 U.S.C. § 6973; and 28 U.S.C. § 1391(b), because the claims arose, and/or the threatened and actual releases of hazardous substances occurred, in the Western Division of the Central District of California.

## PLAINTIFFS

8.     Plaintiff the United States of America is acting at the request of EPA, an agency of the United States.

9.     Plaintiff Department of Toxic Substances Control is a public agency of the State of California existing under and pursuant to sections 58000-58018 of the California Health and Safety Code.  The Department of Toxic Substances Control is a state agency responsible under state law for determining whether there has been a release and/or threatened release of a hazardous substance into the environment, and for determining the actions to be taken in response thereto. Plaintiff the Toxic Substances Control Account is an account within the State of California General Fund.  California Health and Safety Code section 25173.6

establishes the account, and the director of the Department of Toxic Substances Control administers it.  Under California Health and Safety Code section 25361(a), the Toxic Substances Control Account shall be a party in any action for recovery of response costs or expenditures incurred from the account under Chapter 6.8 of Division 20 of the California Health and Safety Code.

## **DEFENDANTS**

10.    The defendants to this action (collectively "Defendants") are Abex Aerospace; ABM CMS, Inc. (fka Commair Mechanical Service); Air Conditioning Company, Inc.; Aircraft Cylinder & Turbine, Inc.; Alcoa Inc.; Air Products and Chemicals, Inc.; Allen Foam Corporation; Allen L Bender, Inc.; Alpha Therapeutic Corporation; Anzon Company; Applied Micro Circuits Corporation; Appropriate Technologies II, Inc.; Arlon Products Inc.; Armor All Products Corporation; Arrowhead Brass Products, Inc.; Astro Aluminum Treating Co. Inc.; Atlantic Richfield Company; Avery Dennison Corporation; BASF Corporation; Baxter Healthcare Corporation; BC Laboratories, Inc.; Bell Industries, Inc.; Betterbilt Chemicals; Boeing Satellite Systems, Inc.; Bonanza Aluminum Corp.; Bourns, Inc.; Bowen Printing, Inc.; BP Amoco Chemical Company; Building Materials Corporation of America / GAF; Burke Street LLC; C.T.L. Printing Industries, Inc.; Cabot Ceramics, Inc.; CAL-AIR, Inc.; California Department of Corrections and Rehabilitation; California Hydroforming Company, Inc.; California Mart; Calsonic North America, Inc.; Canon Business Machines, Inc.; CAState, Metropolitan State Hospital; Catholic Healthcare West; Centre Properties Ltd.; Ceradyne Inc.; Chemical Waste Management, Inc.; Cherokee International; Cintas Corporation (successor to Unitog Company); City of Carlsbad; City of Costa Mesa; City of Irvine; City of Los Angeles, Department of Airports; City of Santa Barbara; City of Santa Maria; Coastcast Corporation; College of the Desert; Columbia Showcase & Cabinet Company, Incorporated; County of Los Angeles; County of San

Bernardino; Crosby & Overton, Inc.; Covidien; Datatronics Romoland, Inc.; Del Mar Avionics; Deutsch Engineered Connecting Devices, Inc.; Disney Enterprises Inc.; Dole Dried Fruit and Nut Company; Domestic Linen Supply Company; Eastman Kodak Company; Eaton Corporation; El Paso Energy International Company; Elan Pharmaceuticals, Inc.; Federal-Mogul Corporation; FHL Group; Forenco, Inc.; Fort Kent Holdings, Inc.; Fresno Unified School District; Gaiser Tool Company; Gambro, Inc.; General Dynamics Corporation; General Electric Company; George Industries; Giumarra Vineyards Corporation; Golden West Refining Company; Great Western Chemical Company; Greenbridge Technology, Inc.; GSF Energy LLC; Gulfstream Aerospace Corporation; Hartwell Corporation; Henkel Corporation; Hercules Inc.; Hexcel Corporation; Hilton Hotels Corporation; Hitachi Home Electronics (America), Inc.; HLM Labeling Incorporated; Honeywell International Inc.; Howmet Aluminum Casting, Inc.; Hubbell Inc. and Marvin Electric Mfg. Co., Inc.; Huntington Park Rubber Stamp Co.; I Coat Company; IMO Industries, Inc.; Indalex Inc., d/b/a/ Columbia Pacific Aluminum; Integrated Microelectronics, Inc. for AVX Corp.; International Paper Company; International Rectifier Corporation; ITT Corporation; Ivy Hill Corporation; Jans-Kens Enameling Company; Johanson Dielectrics, Inc.; Johns Manville Celite Corporation; K C Photo Engraving Company; Kester Solder Division, Litton Systems, Inc.; Key Mechanical Service Company; Kimberly Clark Worldwide, Inc., Fullerton Mill; Kinder Morgan Liquids Terminals LLC; Kolmar Laboratories, Inc.; L.A. Supply Company, dba Label House; LA County MTA (So. California RTD); La Mirada Products Co., Inc.; Lansdale Semiconductor, Inc.; Lear Sigler Diversified Holding Corp.; Leucadia, Inc.; Levan Specialty Company, Inc.; Lockheed Martin Librascope Corp.; Loma Linda University; Los Angeles Unified School District; Luxfer USA Limited by British Alcan Aluminum PLC; Madison Industries; Martek Power Abbot, Inc.; Masco Corporation of Indiana;

Mattel, Inc.; Maxon Industries, Inc.; Maxwell Technologies, Inc.; McDonnell Douglas Helicopter Company; McCraw-Edison Company; McKesson Corporation; Medeva Pharmaceuticals CA, Inc.; Melles Griot, Inc.; Metropolitan Water District of Southern California; Mico, Inc.; Minnesota Mining and Manufacturing (3M) Riker; Montgomery Tank Lines, Inc.; MTI Engineering Corporation (Mituloyo American Corporation); NBCUniversal Media, LLC; NCR Corporation; New Hampshire Ball Bearings, Inc.; Northrop Grumman Space & Mission Systems Corp.; Northrup Grumman Systems Corporation; Novacap, Inc.; Ojai Manufacturing Technology, Inc.; Omni Metal Finishing, Inc.; Pacesetters Systems Inc./Siemens Corporation; Pacific Bell Telephone Company; Pacific Gas and Electric Company; Petro Lock, Inc.; Pfizer Inc.; Pharmavite LLC; Pilkington PLC; Pioneer Video Manufacturing Inc.; Polyone Corporation; Putzmeister America, Inc.; Quad Chemical Corporation; Quaker Chemical Corporation; Quality Fabrication, Inc.; Quest Diagnostics Clinical Laboratories, Inc.; Rathon Corp. (f/k/a Diversey); Raytheon Company; Reed & Graham, Inc.; Remet Corporation; Resinart Corporation.; Ricoh Printing Systems America, Inc.; Robinson Helicopter Company, Incorporated; Robison Prezioso Inc.; Rockwell Collins Optronics, Inc.; Rogers Corporation; Safety-Kleen Systems, Inc.; Schering Corporation; Scripto-Tokai Corporation; Sears, Roebuck and Co.; Sempra Energy Solutions; Shamrock Scientific Specialty Systems, Inc.; Shell Oil Company; Siemens Building Technologies, Inc. (fka MCC Powers); Sierracin Corporation; Signet Armorlite, Inc.; Soco West, Inc. as successor to Holchem, Inc.; Sonoco Products Company; Southern California Edison Company; Sparton Technology, Inc.; Stadler Family Limited Partnership; State of California DOT; Structural Composites Industries, Inc.; Superior Controls Co., Inc.; Supracote, Inc.; Symmetricom, Inc.; TDY Industries, Inc.; Teledyne Technologies; Tension Envelope Corporation; Teradyne Inc; Texaco; Texas Instruments Incorporated; Textron Inc.; The AT&T Group,

Inc.; The Boeing Company; The City of Whittier; The Dow Chemical Company; The Fairchild Corporation; The Hertz Corporation; The May Department Stores Company; The Regents of the University of California; The Sherwin-Williams Company; Timemed Labeling System, Inc.; Titan Corporation; Trane U.S., Inc.; Tribune Company; Todd Pacific Shipyards Corporation; Trimas Corporation; Tubing Seal Cap, Inc. Pacific Precision Metals, Inc.; Tyco Electronics; Tyoo International; Union Oil Company of California; United Parcel Service, Inc.; Univar Corporation Univar USA Inc.; Universal Studios LLC; University of Southern California (USC); Valeant Pharmaceuticals International; Valley Motor Center, Inc.; Ventura Townehouse, Inc.; Vertex Microwave Products, Inc.; VIASYS Healthcare, Inc.; W & B Marketing, Inc.; Warner-Lambert Company; Weber Aircraft Corporation; Western Metal Decorating Co.; Western Tube & Conduit Corporation; Westmont College; Xard Corporation; Yellow Transportation, Inc.; York International Corporation; and Yort, Inc.

11.    Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and Section 1004(15) of RCRA, 42 U.S.C. § 6903(15).

## THE SITE AND ITS OPERABLE UNITS

12.    The Site includes the location of a former hazardous waste treatment and storage facility at 12504 and 12512 Whittier Boulevard, Whittier, California, known as the Omega Chemical Corporation ("Omega"), and also includes certain associated and/or nearby contamination in soil and groundwater.  Omega operated from 1976 through 1991 as a spent solvent and refrigerant recycling facility. During its years of operation, drum and bulk loads of waste solvent and chemicals from various industrial activities were processed at the Site.  During part of its operation, Omega was subject to regulation as an interim status hazardous waste facility in accordance with California Health and Safety Code section 25200.5.

13.     EPA has organized the Site into several Operable Units ("OUs") for purposes of determining appropriate remedial design and remedial action at each Operable Unit.  OU2 consists of the contamination in groundwater generally downgradient of Omega, much of which has commingled with chemicals released at other locations into a regional plume containing multiple contaminants.  EPA's decision on the remedial action to be implemented for OU2 is embodied in an OU2 Interim Action Record of Decision ("ROD"), executed on September 20, 2011, in which DTSC concurred.

## GENERAL ALLEGATIONS

14.     In 1999, pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B.  The National Priorities List is a national list of hazardous waste sites posing the greatest threat to health, welfare, and/or the environment.

15.     The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), and a "site" within the meaning of California Health and Safety Code Section 25323.9.

16.     Hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been found at the Site and have been disposed of or treated of at the Site.

17.     There were and are "releases" and threatened "releases" of hazardous substances at and from the Site into the environment, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and the Site poses threats or potential threats to human health and/or the environment.

18.     The United States has incurred at least $20 million in unreimbursed response costs (including interest), as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), by responding to the releases or threatened releases of hazardous substances at or to OU2.  DTSC has incurred at least $70,000 in

unreimbursed response costs (including interest), as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and California Health and Safety Code section 25323.3, by responding to the releases or threatened releases of hazardous substances at or to OU2.  Such costs were not inconsistent with the National Contingency Plan, which is codified at 40 C.F.R. Part 300.  Plaintiffs' response actions include, but are not limited to, the following activities:  remedial investigation, oversight of work by settling defendants, community relations activities, and preparation of feasibility studies and decision documents.

19.    All Defendants named in this Complaint other than Defendant McKesson Corporation ("McKesson"), Burke Street LLC ("Burke Street"), and Stadler Family Limited Partnership ("Stadler") have, either directly or by virtue of their predecessors, contracted, agreed, or otherwise arranged for disposal or treatment of hazardous substances at OU2, or of hazardous substances which came to be located at OU2, or arranged with a transporter for transport for disposal or treatment of such hazardous substances owned or possessed by Defendants, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

20.    Defendant McKesson, a Delaware corporation, operated a chemical repackaging and distribution facility ("McKesson Facility") at 9005 Sorensen Avenue, Santa Fe Springs, California.  The McKesson Facility is downgradient of Omega and within the area where OU2 contamination has come to be located.

21.    The McKesson Facility is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22.    At all times relevant to this Complaint, Defendant McKesson is or was "the owner or operator of a vessel or a facility" and/or a "person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of," within the meaning of Sections 107(a)(1) and/or 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(1), (2).

23.     Defendant Burke Street, a California limited liability company, through its parent company, Defendant Stadler, a California limited partnership, owns the parcel of land at 12128 Burke Street, Santa Fe Springs, California ("Burke Street Facility").  Ownership began on April 18, 2000.  The Burke Street Facility is downgradient of Omega and within the area where OU2 contamination has come to be located.

24.     The Burke Street Facility is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

25.      At all times relevant to this Complaint, Defendant Burke Street and/or Defendant Stadler are or were "owner[s] or operator[s] of a vessel or a facility" and/or "person[s] who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of," within the meaning of Sections 107(a)(1) and/or 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(1), (2).

## FIRST CLAIM FOR RELIEF

26.     Paragraphs 1-25 are realleged and incorporated herein by reference.

27.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

In addition to any other action taken by a State or local government, when the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require.

28.     By Executive Order 12580 of January 23, 1987, the President's functions under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), were delegated to the Administrator of EPA.

29.     EPA has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of the release and threatened release of hazardous substances from OU2.

30.     Pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, Defendants are each jointly and severally liable for the remedial injunctive relief selected by the United States for OU2.

## SECOND CLAIM FOR RELIEF

31.     Paragraphs 1-30 are realleged and incorporated herein by reference.

32.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

(1)     the owner or operator of a vessel or a facility,

(2)     any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3)     any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity and containing such hazardous substances, and

(4)     any person who accepts or accepted any hazardous substances for transport to sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of responses costs, or a hazardous substances, shall be liable for –

(A) all costs of removal or remedial action incurred by the United States Government or a State not inconsistent with the national contingency plan…

33.    Defendants McKesson, Burke Street, and Stadler are liable under Sections 107(a)(1) and/or 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(1), (a)(2), as a person who owns or operates, or at the time of disposal of hazardous substances owned or operated, a facility at which hazardous substances were disposed of.

34.    All other Defendants are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as person who arranged for the disposal or treatment of hazardous substances at OU2, or of hazardous substances which came to be located at OU2, or who arranged for transport for disposal or treatment of such substances.

35.    Plaintiffs have incurred and will continue to incur costs of removal and remedial actions not inconsistent with the National Contingency Plan to respond to the release or threatened release of hazardous substances at OU2, or of hazardous substances which came to be located at OU2, within the meaning of sections 101(23), 101(24), and 101(25) of CERCLA, 42 U.S.C. §§ 9601(23), (24), and (25).

36.    Defendants are jointly and severally liable to Plaintiffs pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for all unrecovered response costs, plus interest on those response costs, incurred by Plaintiffs in connection with OU2.

37.    Plaintiffs are entitled to a declaratory judgment on liability against Defendants, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding in any subsequent action to recover further response costs incurred by Plaintiffs in connection with OU2.

## THIRD CLAIM FOR RELIEF

38.    Paragraphs 1-37 are realleged and incorporated herein by reference.

39.    Section 7003 of RCRA, 42 U.S.C. § 6973(a), provides in pertinent part:

> [U]pon receipt of evidence that the past or present handling, storage, treatment, transportation or disposal of any solid waste or hazardous waste may present an imminent or substantial endangerment to health or the environment, the Administrator may bring suit on behalf of the United States . . . against any person . . . to restrain such person from such handling, storage, treatment, transportation, or disposal, to order such person to take such other action as may be necessary, or both.

40.    Hazardous wastes, as defined in Section 1004(27) of RCRA, 42 U.S.C. § 6903(27), are present at OU2.

41.    Defendants' past handling, storage, treatment, transportation, or disposal of solid or hazardous waste at OU2, and/or which came to be located at OU2, may present an imminent and substantial endangerment to health or the environment.  Defendants are liable, pursuant to Section 7003 of RCRA, 42 U.S.C. § 6973, to perform certain response actions at OU2 to abate this danger or threat. Defendants are also liable pursuant to California Health and Safety Code sections 25187 and 25358.3(e) to take such action as necessary to abate the danger or threat.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter:

1.  Against Defendants, jointly and severally, an order pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, requiring Defendants to perform certain

response actions that are necessary to abate the danger or threat of a release of hazardous substances at or from OU2;

2.   Against Defendants, jointly and severally, a judgment for all costs incurred by Plaintiffs relating to OU2 through June 30, 2015, plus interest;

3.   Against Defendants, jointly and severally, a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), of Defendants' liability, which will be binding in any subsequent action against Defendants seeking to recover further response costs incurred by Plaintiffs in connection with OU2;

4.   Against Defendants, jointly and severally, an order requiring Defendants to take certain actions necessary to abate the imminent and substantial endangerment to health or the environment, pursuant to Section 7003(a) of RCRA, 42 U.S.C. § 6973(a), and an order requiring each Defendant to take action pursuant to California Health and Safety Code 25185 and 25358(e) to abate the danger or threat from an imminent or substantial endangerment from the release or threatened release of hazardous substances, relating to the releases and/or threatened releases of hazardous waste at OU2 or that has come to be located at OU2; and

1        5.  Against Defendants, an order granting such other relief as the Court

2   deems appropriate.

3                                    Respectfully submitted,

4                                    FOR THE UNITED STATES OF
5                                    AMERICA

6

7   4/18/16
8   Date
                                     JOHN C. CRUDEN
9                                    Assistant Attorney General
                                     Environment and Natural Resources
10                                   Division

11

12  4/19/16
    Date
13                                   DEBORAH A. GITIN
                                     KARL A. FINGERHOOD
14                                   Senior Counsel
15                                   Environmental Enforcement Section
                                     Environment and Natural Resources
16                                   Division
17                                   U.S. Department of Justice

18  OF COUNSEL FOR THE UNITED STATES OF AMERICA:

19  Hope Schmeltzer
    Assistant Regional Counsel
20  U.S. Environmental Protection Agency
21  Region 9

22

23

24

25

26

27

28

**14**

COMPLAINT

1  FOR THE STATE OF CALIFORNIA
   DEPARTMENT OF TOXIC
2  SUBSTANCES CONTROL AND TOXIC
3  SUBSTANCES CONTROL ACCOUNT

4  KAMALA D. HARRIS
5  Attorney General of California
   SARAH E. MORRISON
6  Supervising Deputy Attorney General
7

8

9  April 6, 2016
   Date                    OLIVIA W. KARLIN
10                         Deputy Attorney General
11                         Attorneys for the State of California
                           Department of Toxic Substances Control
12                         and Toxic Substances Control Account
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28